1   PETER K. RUNDLE (SBN 120267)
    Peter@RundleLawCorp.com
2   **RUNDLE LAW CORPORATION**
    38 Corporate Park
3   Irvine, California 92606-5105
    Telephone: (949) 476-5088
4
    Attorney for Defendants,
5   ERICK RECORS; BLUE
    COMMERCE SOLUTIONS, INC.,
6   d/b/a FULLBLOOM HYDROPONICS
7   *Counsel continued on next page.*
8
9                 UNITED STATES DISTRICT COURT
10               EASTERN DISTRICT OF CALIFORNIA
11
12  EMERALD KINGDOM GREENHOUSE, LLC;        Case No.   2:16-CV-02819-TLN-CMK
    JEFFREY LLOYD,
13                              Plaintiffs,  [~~PROPOSED~~] STIPULATED
                                             PROTECTIVE ORDER
14          v.
15
16  BLUE COMMERCE SOLUTIONS, INC., d/b/a
    FULLBLOOM HYDROPONICS; JOHN DOES 1
17  – 100, INC.,
18                              Defendants.
19
20  ERICK RECORS; BLUE COMMERCE
    SOLUTIONS, INC., d/b/a
21  FULLBLOOM HYDROPONICS; JOHN DOES 1
    – 100, INC.,
22
                    Counterclaim Plaintiffs,
23
            v.
24
    EMERALD KINGDOM GREENHOUSE, LLC;
25  JOHN DOES 1 – 100, INC.,
26                  Counterclaim Defendants.   Hon. Troy L. Nunley
                                               Courtroom 2, 15th Floor
27
28

1    Michael K. Friedland (SBN 157217)
     michael.friedland@knobbe.com
2    Ali S. Razai (SBN 246922)
     ali.razai@knobbe.com
3    Kim A. Kennedy (SBN 305499)
     kim.kennedy@knobbe.com
4    KNOBBE, MARTENS,OLSON & BEAR, LLP
     2040 Main Street
5    Fourteenth Floor
     Irvine, California  92614
6    Phone:  (949) 760-0404
     Facsimile: (949) 760-9502
7
     Attorneys for Plaintiffs,
8    EMERALD KINGDOM GREENHOUSE, LLC
     and JEFFREY LLOYD
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED
PROTECTIVE ORDER

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information, such as financial data and customer lists, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. This is particularly the case here, where the parties are competitors active within the same industry.  To ensure that parties producing such private information have confidence that it will not be used for any improper purpose, the parties seek the Court's order on their stipulation.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 141.1 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     DEFINITIONS

2.1     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).  As a general guideline, "CONFIDENTIAL" information is material that a party reasonably believes to constitute or include information that is not known or freely accessible to the general public in the categories of 1) confidential and trade secret technical information, 2) financial information, 3) personal information, or 4) information furnished to it in confidence by any third-party.  There is a particularized need for information in each of these categories to be covered by the Order in order to protect its confidential nature, either because it is protected by confidentiality agreements or otherwise generally not known by the public.

[PROPOSED] STIPULATED
                                                                        PROTECTIVE ORDER

2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would result in the disclosure of information only known on a "need-to-know basis" and generally not known by individuals not affiliated with a Party, including information in the categories of 1) trade secrets, 2) other highly sensitive research, 3) development, 4) production, 5) personnel, 6) commercial, 7) technical, 8) financial, or 9) business information (with information in these categories including but not limited to proprietary information, contracts, bids, corporate planning documents, strategic planning documents, documents that reveal market or customer analyses, competitive strategy, research and development documents, financial statements, and other financial or budgetary documents). There is a particularized need for information in each of these categories to be covered by the Order in order to protect its highly sensitive and confidential nature, as disclosure could create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record.

[PROPOSED] STIPULATED
PROTECTIVE ORDER

2.9     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

[PROPOSED] STIPULATED
PROTECTIVE ORDER

1    information lawfully and under no obligation of confidentiality to the Designating Party. Any use of

2    Protected Material at trial shall be governed by a separate agreement or order.

3    4.    DURATION

4        Even after final disposition of this litigation, the confidentiality obligations imposed by this

5    Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

6    otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

7    defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

8    and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

9    time limits for filing any motions or applications for extension of time pursuant to applicable law.

10   5.    DESIGNATING PROTECTED MATERIAL

11       5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or

12   Non-Party that designates information or items for protection under this Order must take care to

13   limit any such designation to specific material that qualifies under the appropriate standards. The

14   Designating Party must designate for protection only those parts of material, documents, items, or

15   oral or written communications that qualify – so that other portions of the material, documents,

16   items, or communications for which protection is not warranted are not swept unjustifiably within

17   the ambit of this Order.

18       Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

19   to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

20   encumber or retard the case development process or to impose unnecessary expenses and burdens on

21   other parties) expose the Designating Party to sanctions.

22       If it comes to a Designating Party's attention that information or items that it designated for

23   protection do not qualify for protection, that Designating Party must promptly notify all other Parties

24   that it is withdrawing the mistaken designation.

25       5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order

26   (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

27   Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

28   designated before the material is disclosed or produced.

[PROPOSED] STIPULATED
                                                        PROTECTIVE ORDER

1    Designation in conformity with this Order requires:

2          (a)  for information in documentary form (e.g., paper or electronic documents, but

3    excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

4    affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

5    ONLY" (in such a manner as will not interfere with the legibility thereof), on at least the first page

6    of the document that contains protected material.

7          A Party or Non-Party that makes original documents or materials available for inspection

8    need not designate them for protection until after the inspecting Party has indicated which material it

9    would like copied and produced. During the inspection and before the designation, all of the material

10   made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'

11   EYES ONLY." After the inspecting Party has identified the documents it wants copied and

12   produced, the Producing Party must determine which documents, or portions thereof, qualify for

13   protection under this Order. Then, before producing the specified documents, the Producing Party

14   must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

15   ATTORNEYS' EYES ONLY" (in such a manner as will not interfere with the legibility thereof)),

16   on at least the first page of the document that contains Protected Material.

17         (b)  for testimony given in deposition or in other pretrial or trial proceedings, the

18   Designating Party will have 14 days after receipt of the deposition transcript to inform the other

19   Party or Parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or

20   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Only those portions of the

21   testimony that are appropriately designated for protection within the 14 days shall be covered by the

22   provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the

23   deposition or up to 14 days after receipt of the deposition transcript, that the entire transcript shall be

24   treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

25         The use of a document as an exhibit at a deposition shall not in any way affect its

26   designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

27   ONLY."

28

                                          [PROPOSED] STIPULATED
                                          PROTECTIVE ORDER

1    Each deposition transcript shall be treated to be designated "HIGHLY CONFIDENTIAL –

2    ATTORNEYS' EYES ONLY" in its entirety until the expiration of the 14-day period for the

3    Designating Party to specifically designate the deposition transcript, unless otherwise agreed.

4    After the expiration of that period, the transcript shall be treated only as actually designated.

5         (c)  for information produced in some form other than documentary and for any other

6    tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

7    containers in which the information or item is stored the legend "CONFIDENTIAL"

8    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

9         5.3    Inadvertent Failures to DesignateAn inadvertent failure to designate qualified

10   information or items does not, standing alone, waive the Designating Party's right to secure

11   protection under this Order for such material. Upon timely correction of a designation, the Receiving

12   Party must make reasonable efforts to assure that the material is treated in accordance with the

13   provisions of this Order.

14   6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

15        6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of

16   confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation

17   by electing not to mount a challenge promptly after the original designation is disclosed.

18        6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process

19   by providing written notice of each designation it is challenging and describing the basis for each

20   challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

21   recite that the challenge to confidentiality is being made in accordance with this specific paragraph

22   of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

23   begin the process by conferring directly (in voice to voice dialogue; other forms of communication

24   are not sufficient) within seven days of the date of service of notice. In conferring, the Challenging

25   Party must explain the basis for its belief that the confidentiality designation was not proper and

26   must give the Designating Party an opportunity to review the designated material, to reconsider the

27   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

28   designation. A Challenging Party may proceed to the next stage of the challenge process only if it

1　has engaged in this meet and confer process first or establishes that the Designating Party is

2　unwilling to participate in the meet and confer process.

3　　　　6.3　　Judicial Intervention.  If the Parties cannot resolve a challenge without court

4　intervention, the Challenging Party shall file and serve a motion challenging the designation under

5　Civil Local Rule 251 within 21 days of the initial notice of challenge or within 14 days of the parties

6　agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Any

7　motion brought pursuant to this provision must be accompanied by a competent declaration

8　affirming that the movant has complied with the meet and confer requirements imposed by the

9　preceding paragraph.

10　　　　The burden of persuasion in any such challenge proceeding shall be on the Designating

11　Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

12　unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

13　All parties shall continue to afford the material in question the level of protection to which it is

14　entitled under the Producing Party's designation until the court rules on the challenge.

15　7.　　ACCESS TO AND USE OF PROTECTED MATERIAL

16　　　　7.1　　Basic Principles. A Receiving Party may use Protected Material that is disclosed or

17　produced by another Party or by a Non-Party in connection with this case only for prosecuting,

18　defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

19　the categories of persons and under the conditions described in this Order. When the litigation has

20　been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

21　DISPOSITION).

22　　　　Protected Material must be stored and maintained by a Receiving Party at a location and in a

23　secure manner that ensures that access is limited to the persons authorized under this Order.

24　　　　7.2　　Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by

25　the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

26　information or item designated "CONFIDENTIAL" only to:

27　　　　　　(a)  the Receiving Party's Outside Counsel of Record in this action, as defined in Section

28　2.10;

[PROPOSED] STIPULATED
PROTECTIVE ORDER

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary unless otherwise agreed by the Designating Party or ordered by the court.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record, as defined in Section 2.10;

(b) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph 7.4(a), below, have been followed;

(c) the Court and its personnel;

(d) Court reporters and their staff, Professional Vendors to whom disclosure is reasonable necessary for this;

(e) professional jury or trial consultants, and to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

[PROPOSED] STIPULATED
                                                       PROTECTIVE ORDER

1    (f) the author or recipient of a document containing the information or a custodian

2    or other person who otherwise possessed or knew the information.

3    7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY

4    CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

5    (a) Unless otherwise ordered by the Court or agreed to in writing by the

6    Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

7    information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

8    EYES ONLY" pursuant to Paragraph 7.3(b) first must make a written request to the Designating

9    Party that sets forth the full name of the Expert and the city and state of his or her primary

10   residence and attaches a copy of the Expert's current resume.

11   (b) A Party that makes a request and provides the information specified in the

12   preceding respective paragraphs may disclose the subject Protected Material to the identified

13   Expert unless, within ten days of delivering the request, the Party receives a written objection from

14   the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

15   (c) A Party that receives a timely written objection must meet and confer with the

16   Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by

17   agreement within seven days of the written objection. If no agreement is reached, the Party

18   seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule

19   251 seeking permission from the Court to do so.

20   In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden

21   of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

22   outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

23   8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

24        LITIGATION

25   If a Party is served with a subpoena or a court order issued in other litigation that compels

26   disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY

27   CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

28

11    [PROPOSED] STIPULATED
      PROTECTIVE ORDER

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

[PROPOSED] STIPULATED
PROTECTIVE ORDER

1  (2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in

2  this litigation, the relevant discovery request(s), and a reasonably specific description of the

3  information requested; and

4  (3)  make the information requested available for inspection by the Non-Party.

5  (c)  If the Non-Party fails to object or seek a protective order from this court within 14

6  days of receiving the notice and accompanying information, the Receiving Party may produce the

7  Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

8  seeks a protective order, the Receiving Party shall not produce any information in its possession or

9  control that is subject to the confidentiality agreement with the Non-Party before a determination by

10  the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of

11  seeking protection in this court of its Protected Material.

12  10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

13  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

14  Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

15  the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

16  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, and

17  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this

18  Order.

19  11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

20  MATERIAL

21  The Parties acknowledge that regardless of the diligence of any party, an inadvertent

22  production of privileged or attorney work product documents may occur.  If a producing party,

23  through inadvertence, produces or provides discovery that it reasonably believes is privileged or

24  otherwise immune from discovery, the producing party may claw back the protected document by

25  making a written request to the receiving party specifically identifying the protected document,

26  including the date, author, addressees, and topic of the document, as well as a brief explanation

27  substantiating the claim of privilege.  If these conditions are met, the receiving party shall destroy

28  or return to the producing party such inadvertently produced materials and all copies thereof

1  within five (5) calendar days of receipt of the written request.  The inadvertent production of

2  privileged documents does not constitute a waiver of the privilege and the receiving party may not

3  bring a motion to compel based on any alleged waiver caused by the inadvertent production.

4  Return of the materials shall not constitute an admission or concession, or permit any inference,

5  that the returned materials are, in fact, properly subject to a claim of privilege or immunity from

6  discovery.

7        When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

8  material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties

9  are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to

10  modify whatever procedure may be established in an e-discovery order that provides for production

11  without prior privilege review.

12  12.    <u>MISCELLANEOUS</u>

13        12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek

14  its modification by the court in the future.

15        12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order

16  no Party waives any right it otherwise would have to object to disclosing or producing any

17  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

18  Party waives any right to object on any ground to use in evidence of any of the material covered by

19  this Protective Order.

20        12.3    Filing Protected Material. Without written permission from the Designating Party or a

21  court order secured after appropriate notice to all interested persons, a Party may not file in the

22  public record in this action any Protected Material. A Party that seeks to file under seal any Protected

23  Material must comply with Local Rule 141. Protected Material may only be filed under seal pursuant

24  to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Local

25  Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at

26  issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a

27  Receiving Party's request to file Protected Material under seal pursuant to Local Rule 141(b) is

28

14       [PROPOSED] STIPULATED
      PROTECTIVE ORDER

1  denied by the court, then the Receiving Party may file the information in the public record pursuant

2  to Local Rule 141(d) unless otherwise instructed by the court.

3         12.4    Electronic Notice. Transmission by electronic mail is acceptable for all notification

4  purposes within this Order.

5  13.    FINAL DISPOSITION

6         Within 60 days after the final disposition of this action, as defined in paragraph 4, each

7  Receiving Party must return all Protected Material to the Producing Party or destroy such material.

8  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

9  summaries, and any other format reproducing or capturing any of the Protected Material. Whether

10 the Protected Material is returned or destroyed, the Receiving Party must submit a written

11 certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

12 by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material

13 that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

14 abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

15 Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

16 pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

17 correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

18 and expert work product, even if such materials contain Protected Material. Any such archival copies

19 that contain or constitute Protected Material remain subject to this Protective Order as set forth in

20 Section 4 (DURATION).

21 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

22 DATED:  October 18, 2017          **RUNDLE  LAW  CORPORATION**

23

24

25                              By:    _____*/s/ Peter K. Rundle*_____
                                        Peter K. Rundle, Esq.
26                                       Attorney for Defendants,
                                        ERICK RECORS and BLUE COMMERCE
27                                       SOLUTIONS, INC., d/b/a FULLBLOOM
                                        HYDROPONICS
28

                                15                    [PROPOSED] STIPULATED
                                                      PROTECTIVE ORDER

1    DATED: October 18, 2017          **KNOBBE, MARTENS, OLSON & BEAR, LLP**

2

3

4                                     By:    */s/ Ali S. Razai (as authorized on 10/16/17)*
                                             Attorney for Plaintiffs, EMERALD KINGDOM
5                                            GREENHOUSE, LLC and JEFFREY LLOYD

     **IT IS SO ORDERED.**
6

7

8

     Dated: November 1, 2017
9
                                             **CRAIG M. KELLISON**
10                                           UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      16                        [PROPOSED] STIPULATED
                                                                PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for the

Eastern District of California on [date] in the case of *Emerald Kingdom Greenhouse, LLC v. Blue*

*Commerce Solutions, Inc., d/b/a Fullbloom Hydroponics, etc., et al.*, bearing Case No. 2:16-CV-

02819-TLN-CMK. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern

District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even

if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

26892260

[PROPOSED] STIPULATED
PROTECTIVE ORDER